06-60020.rr

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-60020-CIV-COOKE-BROWN

CLIFFORD MADDOX, on his own behalf
and others similarly situated,

    Plaintiff,

vs.

COLYER DEMOLITION, INC.,
a Florida corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION - MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

**THIS MATTER** is before the Court on Plaintiff's Motion for Award of Attorney's Fees and Costs..., filed April 30, 2007. The Court has considered the motion, the response, the reply and all pertinent materials in the file.

This case and this motion, unfortunately, represent all that can go wrong with the Fair Labor Standards Act (FLSA). It is quite obvious that this case was more about counsel's fees than about the plaintiff. Indeed - statements by plaintiff's counsel somewhat confirm this sad fact. However, defendant could have taken steps to substantially diminish what appears to be an outrageous request for fees, but did not.

Defendant claims the settlement demands in this case were outrageous. Defendant is correct. Defendant claims that the demand to settle in August 2006 was $32,000.00 (Resp. p.2), and that

1

statement is not disputed in the reply. At that time plaintiff's counsel had less than thirteen (13) hours of work in this case. This means that if we assume that the plaintiff's claim was worth twenty (20) times the amount of the eventual judgment, and even adding the then accrued attorneys' fees, the claim was actually worth around $10,000.00 total ... being as liberal on the plaintiff's side as humanly possible. Based on the scenarios that followed, including but not limited to the judgment in this case, that demand was absurd.

However, plaintiff contends in the motion that there were numerous attempts to settle the client's claim, while leaving the issue of fees to the Court, which is not refuted in the response. Understandably, defendant wanted to settle the whole case, not just the claimant's part. The downside of that position is exactly what happened in this case - excessive and unnecessary litigation. The problem with this is it can't be attributed solely to plaintiff's counsel. Plaintiff's counsel correctly notes that defendant could have made an offer of judgment in this case but did not. Defendant does not even discuss this in the response. In short, plaintiff's fees demand is excessive, but defendant must shoulder some of the blame.

Any fees to be awarded must be reasonable and follow the guidelines the Eleventh Circuit has promulgated. See, e.g., Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). It is the prevailing party's burden to justify the requested fees. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996); see, e.g., Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). However, the Eleventh Circuit has repeatedly held that the court itself can be an expert on the question and may properly consider its own knowledge and experience in determining reasonable and proper fees. Loranger, 10 F.3d at 781.

The standards to be applied are set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).[1] The Court noted that the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. This is referred to as the "lodestar" method,[2] which has been adopted by the Eleventh Circuit as the proper method to calculate fee awards in federal statutory fee-shifting cases. See, e.g., Duckworth, 97 F.3d at 1396; Loranger, 10 F.3d at 781. However, the degree of success obtained is also germane, even in the "public benefit" type of case such as this. See Villano v. City of Boynton Beach, 254 F.3d 1302 (11th Cir. 2001).

Although defendant offers nothing to dispute the number of hours in the plaintiff's time sheets, nor the hourly rate sought, as noted, supra, the Court can act as an expert.

## HOURLY RATE

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)). The applicant bears the burden of producing satisfactory evidence that the rate requested is in line with prevailing market rates. Satisfactory evidence is more than the affidavit of the attorney performing the work and must speak to the rates actually billed and paid in similar lawsuits. Though Mr. Celler has been practicing

---

[1]Although Hensley involved attorney's fees under 42 U.S.C. §1988, the U.S. Supreme Court stated that "[t]he standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n.7 (emphasis added).

[2]The U.S. Supreme Court has declared that the lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). Norman, 836 F.2d at 1298-1299.

for less than ten years and Ms. Amritt approximately five, in the absence of opposition, this Court finds the hourly rates sought to be reasonable. There is ample support in the record for the fee rate requested.

## NUMBER OF HOURS

The Eleventh Circuit requires proof of the hours spent on litigation. See Duckworth, 97 F.3d at 1397. This Court finds the documentation to be adequate. Loranger is particularly relevant here because the Eleventh Circuit noted that in some cases it is impractical to review, hour by hour, the billable entries. 10 F.3d at 783. Notwithstanding that fact, this court has done precisely that and reviewed every single time entry for which defendant seeks fees. Mr. Celler claims 90.5 hours and Ms. Amritt claims 70.6 hours.

Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed. Norman, 836 F. 2d at 1301 (citing Hensley, 461 U.S. at 434); see also Gray v. Lockheed Aeronautical Sys. Co., 125 F. 3d 1387, 1389 (11th Cir. 1997). In this area the Court finds that plaintiff's counsel have failed to meet their burden on several of the time entries. Initially, while time entries for a change of firm name or counsel may be appropriate billing to a client (or may not be) they are not appropriately taxable against the defendant. Additionally, there appears to be some overlap/duplication of communications with the client. Both of these are relatively minor. However, there is no explanation of the work done regarding trial preparation and attendance at trial, and no explanation as to why two attorneys participated.

In Dowdell v. City of Apopka, 698 F.2d 1181, 1188 (11th Cir. 1993), the Court stated that "[a]ll attorneys who contribute their services to a case may be awarded reasonable attorneys' fees." The Eleventh Circuit has also stated, however, that

> a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple lawyer litigation. But the fee applicant has the burden of showing that ... it is not a make-believe burden.

American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 432 (11th Cir. 1999).

With regard to entries for 3/10 - 3/13/07, that burden has not been met. There are 51.3 hours of - taking the lesser hourly rate - Ms. Ambritt that appear to be duplicates of work done by Mr. Celler. Accordingly, subject to a reduction based on the results, this Court recommends allowing the 90.5 hours for Mr. Celler at $300.00 per hour and allowing 19.3 hours for Ms. Amritt at $250 per hour. This makes the total the sum of $31,975.00 for attorneys' fees.

As noted, supra, the degree of success is germane. This Court has no doubt after reviewing this file that if the case had been settled, the plaintiff would have realized more money than the judgment, by at least two or three times the amount of same. If only it were that simple. Plaintiff would say "but judge we couldn't settle because any offers they made were inclusive of fees and insufficient"...the fallacy in this is that if counsel placed the client's interest at the forefront where it belonged, the case might have settled. Defendant's arguments are belied by the fact that defendant was in the best position to stem the flow of fees by making an offer of judgment, which was not done.

The Court finds that both sides must bear responsibility for this unfortunate example of what the FLSA was NOT designed to do. Therefore it is recommended that the fees of plaintiff be reduced by 50% to $15,987.50.

Turning to the issue of costs, plaintiff seeks $2,097.85. Since the response does not address the costs in any fashion, it is recommended they be awarded.

5

## RECOMMENDATION

It is therefore respectfully recommended that the total sum of $18,035.35 be awarded as fees and costs to plaintiff's counsel.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Honorable Marcia G. Cooke
Counsel of record